DMOT

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

MONICA GAREY
14102 BRAMBLE CT #202
LAUREL, MD 20708,

    Plaintiff,

v.

Case No. CAL20-12433

NAVY FEDERAL CREDIT UNION
**Resident Agent:**
MARIE A. MCDUFFIE
820 FOLLIN LN SE
VIENNA, VIRGINIA 22180

    Defendant,

TRANSWORLD SYSTEMS INC.
**Resident Agent:**
THE CORPORATION TRUST INCORPORATED
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM MD 21093-2264

    Defendant,

TRUIST BANK
**Resident Agent:**
THE CORPORATION TRUST INCORPORATED
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM MD 21093-2264

    Defendant,

DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED
**Resident Agent:**
THE CORPORATION TRUST INCORPORATED
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM MD 21093-2264

    Defendant,

1

COLLECTO INC.
**Resident Agent:**
THE CORPORATION TRUST INCORPORATED
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM MD 21093-2264

Defendant,

SOUTHWEST CREDIT SYSTEMS, L.P.
**Resident Agent:**
THE CORPORATION TRUST INCORPORATED
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM MD 21093-2264

Defendant,

I C SYSTEM, INC
**Resident Agent:**
THE CORPORATION TRUST INCORPORATED
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM MD 21093-2264

Defendant.

## COMPLAINT AND JURY DEMAND

The Plaintiff, Monica Garey, files suit against defendants Truist Bank, Navy Federal Credit Union ("NFCU"), Transworld Systems, Inc. ("TSI"), I C System, Inc. ("ICS"), Collecto, Inc. d/b/a EOS CCA ("EOS"), Southwest Credit Systems, Inc. ("SWCS") and Diversified Adjustment Services, Incorporated ("DAS") alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA") and 15 U.S.C. § 1681 et seq. ("FCRA").

### PARTIES TO THIS ACTION

2. Monica Garey is a natural person who resides in the state of Maryland.

2

3. Truist Bank, fka SunTrust Bank, is a national bank offering various banking and loan services to consumers.

4. NFCU is the largest credit union in the entire United States.

5. TSI is a debt collector specializing in the collection of medical bills.

6. ICS is a debt collector based out of Minnesota.

7. DAS is a debt collector specializing in phone bills.

8. EOS is a debt collector specializing in phone bills.

## FACTUAL ALLEGATIONS

9. Truist Bank has reported and is reporting that it foreclosed on Ms. Garey's mortgage. However, the reporting is inaccurate and/or misleading because Truist Bank did not foreclose in compliance with the mortgage loan documents and Maryland law. On November 4, 2019, Ms. Garey disputed Truist Bank's reporting with the credit bureaus. Truist Bank received Ms. Garey's disputes from the credit bureaus but failed to conduct a reasonable investigation of her disputes and continued to report inaccurate and misleading information.

10. NFCU has reported and is reporting that it foreclosed on Ms. Garey's mortgage. However, the reporting is inaccurate and/or misleading because Truist Bank did not foreclose in compliance with the mortgage loan documents and Maryland law. On November 4, 2019, Ms. Garey disputed Truist Bank's reporting with the credit bureaus. Truist Bank received Ms. Garey's disputes from the credit bureaus but failed to conduct a reasonable investigation of her disputes and continued to report inaccurate and misleading information.

11. TSI has reported and is reporting that Ms. Garey has an unpaid medical collections. However, the reporting is inaccurate and/or misleading because TSI does own any debts owed by Ms. Garey, TSI does not have a legal right to collect on any debts owed by Ms. Garey, TSI is seeking to collect an amount that is not owed to the creditor and Ms. Garey paid and/or submitted her

insurance information for the payment of her medical debts. In November 2019, December 2019, and March 2020, Ms. Garey disputed TSI's reporting with the credit bureaus. TSI received Ms. Garey's disputes from the credit bureaus but failed to conduct a reasonable investigation of her disputes and continued to report inaccurate and misleading information.

12. DAS has reported and is reporting that Ms. Garey's has an unpaid phone bill. However, the reporting is inaccurate and/or misleading because Ms. Garey does not owe the reported phone bill to DAS and/or the phone bill is older than 7 years old and therefore, the debt cannot be included on her reports.

13. EOS has reported and is reporting that Ms. Garey's has an unpaid phone bill. However, the reporting is inaccurate and/or misleading because Ms. Garey does not owe the reported phone bill to EOS and/or the phone bill is older than 7 years old and therefore, the collection cannot be included on her reports.

14. ICS has reported and is reporting that Ms. Garey's has two unpaid debts. However, the reporting is inaccurate and/or misleading because Ms. Garey does not owe ICS any money as she has no legal obligation to pay ICS, the amount that ICS claims is owed to Arlington Womens Center is inaccurate, ICS is attempting to collect an additional fee or interest on the Banfield Pet Hospital debt but ICS has no legal right to collect additional fees or interest. Further, the collections are incomplete as the open dates are not included in the report.

15. SWCS has reported and is reporting that Ms. Garey's has an unpaid cable bill. However, the reporting is inaccurate and/or misleading because Ms. Garey does not owe the reported cable bill to SWCS and Ms. Garey did not owe the reported amount to Comcast. Further, the collection is incomplete for no open date is being reported.

### COUNT ONE: VIOLATION(S) OF FDCPA
### (as to defendants TSI, DAS, SWCS, ICS & EOS)

16. Plaintiff incorporates the preceding allegations by reference.

17. Defendants TSI, DAS, EOS, ICS and SWCS violated 15 U.S.C. ¶ 1692e by falsely claiming they had rights or misrepresenting their rights to collect a debt from Plaintiff.

18. Defendants TSI, ICS and SWCS violated 15 U.S.C. ¶ 1692e by misrepresenting the amount of the debt that was owed to the creditor.

19. Defendants DAS, EOS and SWCS violated 15 U.S.C. ¶ 1692e by misrepresenting the legal status they had rights or misrepresenting their rights to collect a debt from Plaintiff.

20. Defendants violated 15 U.S.C. ¶ 1692e by reporting information that they knew was false to the credit bureaus.

21. Defendants violated 15 U.S.C. ¶ 1692f by using unfair or unconscionable (e.g. reporting a debt that is older than 7-years old, attempting to collect unauthorized amounts, collect a debt they have no right to, etc.) means to collect a debt.

22. Defendants' violations ruined Plaintiff's credit and prevented her from obtaining credit and/or dissuaded her from applying for credit, and Plaintiff suffered and suffers from stress due to the stress that is attendant with coping with the credit damage and endeavoring to have the erroneous information removed or corrected.

23. Plaintiff seeks $50,000 in actual damages and $5,000 in statutory damages for Defendants' violations under the Act.

### COUNT TWO: VIOLATION(S) OF FCRA
(as to all Defendants)

24. Plaintiff incorporates the preceding allegations by reference.

25. When the Plaintiff mailed her disputes to the credit bureaus, they used a dispute system called, "e-Oscar", which has been adopted by the credit bureaus and by their furnisher-customers such as Defendants. It is an automated system and the procedures used by the credit bureaus are systemic and uniform.

5

26. When the credit bureaus receive a consumer dispute, they (usually via an outsourced vendor) translate that dispute into an "ACDV" form. Defendants understood the nature of the Plaintiff's dispute when they received the ACDV from the credit bureaus

27. Based on the manner in which the credit bureaus responded to the Plaintiff's disputes, representing that Defendants had "verified" the supposed accuracy of their reporting and/or that the source of the reporting provided additional information, Plaintiff alleges that the credit bureaus did in fact forward the Plaintiff's dispute via an ACDV to Defendants.

28. Notwithstanding the above, Defendants follow a standard and systemically unlawful process when they receive the ACDV dispute. Basically, all the Defendants do is review their own internal computer screen for the account and repeat back to the ACDV system the same information that it already had reported to the credit bureaus.

29. When Defendants receive a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

30. In response to Plaintiff's dispute, the Defendants did not take reasonable steps to ensure or verify the accuracy of the disputed information and therefore, Defendants violated 15 U.S.C. § 1681s-2(b) by failing to review all the relevant information that was provided by the credit bureaus and fully and properly investigate Plaintiff's disputes

31. Defendants also violated 15 U.S.C. § 1681s-2(b) by reporting incomplete and inaccurate information that omitted the proper dispute status and relevant circumstances of the debts.

32. Defendant Truist Bank violated 15 U.S.C. §§ 1681b(f) and 1681q by obtaining Plaintiff's credit report without a permissible purpose in May 2018 and March 2019. Although the Plaintiff did not authorize Truist Bank to make a hard inquiry into her credit file, Truist Bank falsely represented to a credit bureaus that Plaintiff had authorized a hard pull of her credit file.

33. Defendants' violations ruined Plaintiff's credit and prevented her from obtaining credit and/or dissuaded her from applying for credit, and Plaintiff suffered and suffers from stress due to the stress that is attendant with coping with the credit damage and endeavoring to have the erroneous information removed or corrected.

34. Plaintiff seeks $50,000 in actual damages and $7,000 in statutory damages for Defendants' violations under the Act.

35. Plaintiff seeks an additional $100,000 in punitive damages for Defendants' violations because Defendants' violation were the result of an intentional policy to short-circuit their responsibilities of the FCRA in the name of saving money on investigating disputes and earning more money from consumers who pay the debts out of frustration of not being able to correct the information.

PRO SE PLAINTIFF

*/s/ Monica Garey*
Monica Garey
14102 Bramble Ct #202
Laurel, MD 20708
Tel: (202) 760-1956